UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
TAZOHN HARDEE,                                  :
                    Petitioner,                 :       **MEMORANDUM OPINION**
                                                :       **AND ORDER**
v.                                              :
                                                :       22 CR 574 (VB)
UNITED STATES OF AMERICA,                       :       25 CV 5835 (VB)
                    Respondent.                 :
-------------------------------------------------------x

Briccetti, J.:

       Petitioner Tazohn Hardee, proceeding pro se, moves pursuant to 28 U.S.C. § 2255 to

vacate, set aside, or correct his sentence.[1]  (Doc. #1).  Hardee argues his sentence must be

vacated because the Second Amendment protects his possession as a convicted felon of a loaded

firearm.

       For the following reasons, the motion is DENIED and the petition is DISMISSED.

                                    **BACKGROUND**

       On July 2, 2022, law enforcement responded to a 911 call reporting a man with a firearm

near a deli storefront on East Prospect Avenue in Mount Vernon, New York.[2]  Officers were

advised the man hid a firearm in the bushes across the street from the deli.  Officers recovered

the firearm, which was wrapped in a green tee shirt inside a black plastic bag.  The firearm was

fully loaded.

       Surveillance footage of the areas inside and around the deli captured Hardee entering the

deli with a black plastic bag.  After purchasing a beverage and cigarettes, Hardee exited the deli

_____

[1]     Citations to "Doc. #__" herein are references to documents filed on the ECF docket for
case no. 25-cv-5835 (VB).

[2]     These facts are taken from the unobjected-to offense conduct section of the presentence
investigation report, which the Court adopted as its findings of fact at sentencing.

                                           1

with the black plastic bag still in hand and spoke with the occupants of a vehicle nearby. Hardee eventually walked across the street and placed the black plastic bag underneath a set of low bushes. The black plastic bag remained there undisturbed until officers arrived on the scene in response to the 911 call.

Hardee had several prior felony convictions for violent crimes. He was arrested on September 7, 2022, and later charged in a one-count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

On January 12, 2023, Hardee pleaded guilty as charged. On April 18, 2023, the Court sentenced Hardee to 57 months' imprisonment, to be followed by three years' supervised release.

Hardee appealed, challenging his sentence and the constitutionality of Section 922(g)(1). On January 29, 2025, the Second Circuit affirmed this Court's judgment and sentence by summary order. United States v. Hardee, 2025 WL 323339 (2d Cir. Jan. 29, 2025).

On June 23, 2025, Hardee filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the U.S. District Court for the Eastern District of Pennsylvania. (Doc. #1). The petition was transferred to this district because it challenged the legality of Hardee's conviction in the underlying case and this Court's sentence. (Doc. #3). On July 24, 2025, this Court issued an order designating the petition as a motion under 28 U.S.C. § 2255 and granting Hardee leave to file an amended Section 2255 motion if he wished to do so. (Doc. #7). Hardee did not file an amended Section 2255 motion, and this Court ordered the government to answer Hardee's June 23 motion. (Doc. #8).

## DISCUSSION

The government contends Hardee's motion is meritless because Section 922(g)(1) does not violate the Second Amendment.

The Court agrees.

A firearm regulation is constitutional if "it is consistent with the Nation's historical tradition of firearm regulation."  New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1, 24 (2022); see also United States v. Rahimi, 602 U.S. 680, 692 (2024).[3]  In Zherka v. Bondi, 140 F.4th 68 (2d Cir. 2025), the Second Circuit upheld Section 922(g)(1) as constitutional and explicitly rejected the contention that the prohibition on possession of firearms by convicted felons violates the Second Amendment.  Id. at 96.  This is because "Congress's conclusion that a felony conviction demonstrates a character or temperament inconsistent with the safe and prudent possession of deadly weapons is an appropriate exercise of its longstanding power to disarm dangerous categories of persons."  Id. at 91.

Hardee's sole argument is thus foreclosed by Zherka.

Hardee's reliance on Executive Order No. 14206, titled "Protecting Second Amendment Rights," does not alter this result.  (Doc. #1 at ECF 3).[4]  The Executive Order merely directs the Attorney General to review, among other things, federal actions that might have impinged upon Second Amendment rights of law-abiding citizens.  (Id.); see also Ford v. United States, 2025 WL 2661515, at *3 (D. Utah Sept. 17, 2025) (explaining Executive Order No. 14206 did not give rise to new legal arguments related to Second Amendment rights).  Indeed, by its express terms, the Executive Order states that it "is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United

---

[3]    Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

[4]    "ECF ___" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

States."  90 Fed. Reg. 9503, § 4(c).  Therefore, the Executive Order in no way undermines the Second Circuit's well-reasoned decision in Zherka.

Hardee's mention of Range v. Att'y Gen. United States, 124 F.4th 218 (3d Cir. 2024), is similarly unavailing.  There, the Third Circuit held narrowly that Section 922(g)(1) was unconstitutional as-applied to a non-violent felon.  Id. at 232.  As a threshold issue, Hardee does not appear to advance any as-applied challenge to Section 922(g)(1).  (Doc. #1 at ECF 1–4).  Indeed, unlike the petitioner in Range, Hardee's prior felony convictions were in fact violent.  In any event, the Court is not bound by out of circuit authority, and the Second Circuit has held to the contrary that "the Second Amendment does not bar Congress from passing laws that disarm convicted felons, regardless of whether the crime of conviction is nonviolent."  Zherka v. Bondi, 140 F.4th at 92–93; see also United States v. Davila, 2025 WL 2318198, at *1 (2d Cir. Aug. 12, 2025) (rejecting as-applied challenge to Section 922(g)(1) because "Congress [] has the authority to disarm all felons").

At bottom, Hardee's motion is meritless because Section 922(g)(1)'s prohibition on the possession of firearms by convicted felons does not run afoul of the Second Amendment.

## CONCLUSION

Petitioner Tazohn Hardee's motion under 28 U.S.C. § 2255 is DENIED and the petition is DISMISSED.

As Hardee has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability will not issue.  28 U.S.C. § 2253(c)(2).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

4

The Clerk is instructed to close case no. 25-cv-5835.

The Clerk is further instructed to mail a copy of this memorandum opinion and order to petitioner Tazohn Hardee at the address on the docket in case no. 25-cv-5835.

Dated: March 2, 2026
       White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge